UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

EVANSVILLE DIVISION

| | |
|---|---|
| MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY, <br><br>                    Plaintiff, <br><br> v. <br><br> ELLISON DISTRIBUTING, INC., and DAILY FEED & GRAIN, INC., <br><br>                    Defendants. | CAUSE NO. 1:23-CV-00980 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY, ("Motorists"), by counsel, and for its Complaint for Declaratory Judgment against Defendants ELLISON DISTRIBUTING, INC. ("Ellison") and DAILY FEED & GRAIN, INC. ("Daily Feed"), seeks an order and judgment from this Court declaring that Motorists has no duty to defend, indemnify, and/or pay any settlement, judgment, verdict, or award under any policies of insurance issued by Motorists to defendant Ellison in an underlying lawsuit filed by Daily Feed. In support of this Complaint, Motorists alleges and avers as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Motorists is now and has been at all times relevant hereto an Ohio mutual insurance company with its principal place of business in Columbus, Ohio. Motorists is a mutual insurance company incorporated under the laws of Ohio, which treats mutual insurance companies as corporations. Motorists is therefore a Citizen of the State of Ohio for jurisdictional purposes.

2.      Defendant Ellison is now and has been at all times relevant hereto a corporation incorporated under the laws of the State of Indiana, with its principal place of business in Jasper, Dubois County, Indiana.  Ellison is therefore a Citizen of the State of Indiana for jurisdictional purposes.

3.      Defendant Daily Feed is a corporation incorporated under the laws of the State of Indiana, with its principal place of business in Bartholomew County, Indiana.  Daily Feed is therefore a Citizen of the State of Indiana for jurisdictional purposes.

4.      The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

5.      This Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201.  An actual and substantial controversy exists between the parties.  Plaintiff Motorists seeks declarations that there is no coverage for Ellison in connection with an underlying lawsuit filed by defendant Daily Feed.

6.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this cause of action, namely the availability of insurance coverage under a policy of insurance issued by Motorists to Ellison in the State of Indiana, occurred in this District and Division.

## FACTUAL ALLEGATIONS

### *The Underlying DFG Action*

7.      On or about March 3, 2017, Daily Feed filed its original Complaint in the lawsuit captioned *Daily Feed & Grain, Inc. v. Ellison Distributing, Inc.,* which is currently pending in Dubois County Circuit Court, State of Indiana, No. 19C01-1703-PL-0144 (the "Daily Feed Action"). A true and accurate copy of the original Complaint filed in the Daily

2

Feed Action is attached hereto and incorporated herewith as Exhibit "A."

8.      In the original complaint, Daily Feed alleged causes of action for breach of contract, fraud, criminal conversion/theft by deception, and relief pursuant to the Indiana Crime Victim Statute. (Ex. A, pp. 2-5)

9.      Based on the allegations in the original Complaint, by letter dated April 17, 2017, Motorists denied coverage to Ellison for the Daily Feed Action, on the ground that the damages claimed were not covered as claims for "bodily injury" or "property damage" caused by an "occurrence" in the first instance, or were otherwise excluded under the Primary Policy. A true and correct copy of the April 17, 2017, denial of coverage is attached hereto and incorporated herewith as Exhibit "B."

10.     On or about August 24, 2017, Daily Feed filed an Amended Complaint in the Daily Feed Action. A true and accurate copy of the original Complaint filed in the Daily Feed Action is attached hereto and incorporated herewith as Exhibit "C."

11.     No subsequent amendments have been made to the pleadings in the Daily Feed Action, and so the Amended Complaint filed on August 24, 2017, is the operative pleading in that lawsuit.

12.     In the Amended Complaint, Daily Feed alleges that in July 2015, it contracted with Ellison for the construction of five grain storage facilities. (Ex. C, p. 1)

13.     Daily Feed alleges that on September 22, 2016, Daily Feed terminated the contract with Ellison, claiming that the project was not complete, and the work that had been completed to date was defective, unworkmanlike, non-functioning, and in violation of the specs in the contract. (Ex. C, p. 1d)

14.     Daily Feed alleges that it had independent contractors inspect the work Ellison had performed to that time, and they advised that the construction of the grain storage facilities was dangerous and defective. (Ex. C, pp. 1-2)

3

15.     Daily Feed alleges that they had paid Ellison approximately $2.3 million.  (Ex. C, p. 2)

16.     In the Amended Complaint, Daily Feed asserts causes of action for breach of contract, fraud, criminal conversion/theft by deception, relief pursuant to the Indiana Crime Victim Statute, and negligence. (Ex. C, pp. 2-6)

17.     Ellison re-tendered the Amended Complaint in the Daily Feed Action to Motorists for defense and indemnity under certain policies of insurance issued to Ellison.

18.     By letter dated September 5, 2017, Motorists advised Ellison that it would defend it subject to a reservation of rights in the Daily Feed Action.  A true and correct copy of the September 5, 2017, coverage correspondence is attached hereto and incorporated herewith as Exhibit "D."

### *The Motorists Policies*

19.     Motorists issued a primary, commercial business insurance policy to Ellison, policy number 6-2362048, for the period March 5, 2016, to March 5, 2017 (the "Primary Policy").  A certified copy of the Primary Policy is attached hereto and incorporated herewith as Exhibit "E."

20.     Motorists also issued a commercial liability umbrella policy to Ellison, policy number 6-2362049, for the period March 5, 2016, to March 5, 2017 (the "Umbrella Policy"), which in relevant part follows form to the underlying Primary Policy. A certified copy of the Primary Policy is attached hereto and incorporated herewith as Exhibit "F."

21.     The Primary Policy provides liability coverage, in pertinent part, for an insured's liability for "damages because of …'property damage'…caused by an 'occurrence.'" (See, Ex. E., p. 45)

22.     The Primary Policy also contains certain exclusions, which apply to bar or limit

coverage for the Daily Feed Action, including but not limited to the following:

## 2. Exclusions
This insurance does not apply to:

### a.  Expected Or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

### b.  Contractual Liability
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
(1) That the insured would have in the absence of the contract or agreement; or
(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

### j. Damage To Property
"Property damage" to: ...
(4) Personal property in the care, custody or control of the insured;
(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. ...

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products- completed operations hazard".

### k. Damage To Your Product
"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products- completed operations hazard".
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use….

(Ex. E, pp. 46, 48-49)

23.    The Primary Policy includes the following additional relevant definitions:

**8.**"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
**b.** You have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

**21.** "Your product":
**a.** Means:
**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
**(a)** You;
**(b)** Others trading under your name; or
**(c)** A person or organization whose business or assets you have acquired; and
**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
**b.** Includes:
**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
**(2)** The providing of or failure to provide warnings or instructions.
**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":
**a.** Means:
**(1)** Work or operations performed by you or on your behalf; and
**(2)** Materials, parts or equipment furnished in connection with such work or operations.
**b.** Includes:
**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
**(2)** The providing of or failure to provide warnings or instructions.

(Ex. E, pp. 57, 59-60)

24.  The Umbrella Policy also contains the following relevant terms and conditions:

SECTION I - INSURING AGREEMENT
In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:
COVERAGE A-BODILY AND PROPERTY DAMAGE LIABILITY.
COVERAGE B - PERSONAL INJURY AND ADVERTISING INJURY LIABILITY
1.  INSURING AGREEMENT

A. We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. This insurance applies only to":

(1) "Bodily injury" or "property damage":

(a)      Occurring during the policy period; and
(b)      Caused by an "occurrence"…

**2. DEFENSE OF CLAIMS OR SUITS**

A.      We will have no duty to defend any claim or "suit" that any other insurer has a duty to defend. If **we** elect to join in the defense of such claims or "suits", **we** will pay all expenses **we** incur.

B.      We will have the right and duty to defend any "suit" for damages which are payable under coverages **A** or B (including damages wholly or partly within the "retained limit") but which are not payable by a policy of ·underlying insurance", or any other available insurance, because:
a.  Such damages are not covered; or
b.  The "underlying insurance" has been exhausted by the payment of claims.

(Ex. F, p. 9)

25.    The Umbrella Policy also contains the following applicable exclusions that

apply to bar or limit coverage for the Daily Feed Action:

> ### 3. EXCLUSIONS
> This Policy does not apply to:
>
> A.  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property….
>
> J. "Property damage" to "your product" arising out of it or any part of it.
>
> K. "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.
>
> L. "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>     (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>     (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
> This exclusion does not apply to the loss of use or other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

(Ex. F, pp. 10, 12)

26.    The Umbrella Policy contains the following relevant definitions:

> 3. "Applicable underlying limit" means:
>     a.  If the policies of "underlying insurance" apply to the "occurrence" or "offense", the greater of:
>         (1) The amount of insurance stated in the policies of "underlying insurance" in the Declarations or any other available insurance less the amount by which any aggregate limit so stated has been reduced solely due to payment of claims; or
>         (2) the "retained limit" shown in the Declarations; or
>     b.  If the policies of "underlying insurance" do not apply to the "occurrence" or "offense", the amount stated in the Declarations as

the "retained limit".
The limits of insurance in any policy of "underlying insurance" will apply even if:

a  the "underlying insurer" claims the insured failed to comply with any conditions of the policy; or

b. the "underlying insurer" becomes bankrupt or insolvent….

7. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous, or

b. You have filed to fulfill the terms of a contract or agreement; If such property can be restored to use by:

a. the repair, replacement, adjustment or removal of "your product" or "your work"; or

b. Your fulfilling the terms of the contract or agreement….

9. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions….

12. a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned.

b. "Your work" will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contactor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

13. "Property damage" means physical injury to tangible property, including all resulting loss of use of that property….

16. "Ultimate net loss" means the sum actually paid or payable due to a claim for which the insured is liable for either by a settlement to which we agreed or a final judgement. Such sum will include proper adjustments for recoveries and salvage….

19. "Your product" means"

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

9

        (1) You;

        (2) Others trading under your name; or

        (3) A person or organization whose business or assets you have acquired; and

    b. Containers (other than vehicles), materials, parts, or equipment furnished in connection with such goods or products.

"Your product" includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items including in a. and b. above.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

20. "Your work" means:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes warranties or representations made at any time with respect to the fitness, quality, durability, or performance of any of the items included in a. or b. above.

(Ex. F, pp. 18-20)

## COUNT I: DECLARATORY JUDGMENT

27.    Plaintiff hereby reiterates and incorporates by reference the material allegations set forth in Paragraphs 1 through 26 herein.

28.    The claims, allegations, and damages sought against Ellison in the Daily Feed Action are that Ellison failed to comply with and complete the contractual terms and conditions of a contract for the construction of multiple grain storage bins; that the work Ellison completed was defective, unworkmanlike, non-functioning, and dangerous; that Ellison defrauded Daily Feed by charging higher labor rates while utilizing unskilled laborers and misrepresenting the parts and labor that Ellison would use in the construction of the grain storage bins; that Ellison's acceptance of payment from Daily Feed for "false invoices" constitutes theft and deception; and that the work conducted by Ellison was performed in a negligent manner, requiring such work to be repaired, replaced, or otherwise remediated.

29.    There is no coverage for the claims, causes of action, and damages claimed in

the Daily Feed Action under the Primary Policy.

30. Accordingly, Motorists has no duty to defend, indemnify, or pay any claim, settlement, judgment, verdict, or award on behalf of Ellison in connection with the Daily Feed Action under the Primary Policy.

31. There is no coverage for the claims, causes of action, and damages claimed in the Daily Feed Action under the Umbrella Policy.

32. Accordingly, Motorists has no duty to defend, indemnify, or pay any claim, settlement, judgment, verdict, or award on behalf of Ellison in connection with the Daily Feed Action under the Umbrella Policy.

33. Defendant Daily Feed is named as nominal but indispensable party to this litigation, because it is the underlying plaintiff and claimant who may be impacted by the insurance coverage available to Ellison under the Primary and Umbrella Policies, and it should be bound by any determination with regard to insurance coverage under the policies made herein.

WHEREFORE, Plaintiff Motorists Commercial Mutual Insurance Company ("Motorists") hereby requests that this Court enter declaratory judgment that Motorists has no duty to defend and/or indemnify, or pay any claim, settlement, judgment, verdict, or award on behalf of Defendant Ellison Distributing, Inc., in connection with the underlying claims and/or Daily Feed Action; that Motorists may withdraw from the defense of Ellison in the Daily Feed Action; that defendant Daily Feed & Grain, Inc. is equally bound by this judgment; and all such other proper relief in the premises.

LEWIS WAGNER, LLP


By  s/ MEGHAN E. RUESCH
     MEGHAN E. RUESCH, #32473-49
     EDMUND L. ABEL, #36293-49

Counsel for Plaintiff Motorists Commercial
Mutual Insurance Company

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Motorists Commercial Mutual Insurance Company ("Motorists") prays that this court enter judgment as follows:

1.    Declaring that Motorists has no obligation to defend, indemnify, or otherwise provide coverage for Defendant Ellison Distributing, Inc. ("Ellison"), or to pay any claim, settlement, judgment, verdict, or award in connection with any claim or suit arising out of or in connection with the Daily Feed Action, under the policies of insurance at issue in this action;

2.    Declaring that Motorists may withdraw from the defense of Ellison in the Daily Feed Action;

3.    Declaring that Daily Feed & Grain, Inc. is equally bound by the determination and judgment of the Court in this declaratory judgment action; and

4.    For all other proper relief in the premises.

LEWIS WAGNER, LLP

By  s/ MEGHAN E. RUESCH
    MEGHAN E. RUESCH, #32473-49
    EDMUND L. ABEL, #36293-49
    Counsel for Plaintiff Motorists
    Commercial Mutual Insurance Company